**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | | |
|---|---|---|
| PINE BAR RANCH LLC and OWEN TORREY, | ) ) ) | CV 10-88-BLG-RFC |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **ORDER** |
| ACTING REGIONAL DIRECTOR, BUREAU OF INDIAN AFFAIRS, ROCKY MOUNTAIN REGIONAL OFFICE; and DEPARTMENT OF INTERIOR, INTERIOR BOARD OF INDIAN APPEALS, | ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |

**Introduction**

This case comes to the Court's attention on the parties' cross motions for summary judgment. The facts are largely undisputed and need not be fully recited here except as necessary to explain the Court's decision[1]. Plaintiffs present claims under the Declaratory Judgment Act (28 U.S.C. § 2201) and the Administrative Procedures Act (5 U.S.C. § 704) seeking a legal determination that an unpaved

---

[1] Defendants state that except for ¶ 12 of Plaintiffs' Statement of Undisputed Facts (SUF), Plaintiff's facts are well taken. *See* Doc. No. 22.

portion of Surrell Creek Road located on the Wind River Indian Reservation is a "public road." Defendants challenge Plaintiffs' motion on several grounds. Primarily, Defendants contend that Plaintiffs' claims are procedurally barred by sovereign immunity.

**Background Facts**

Since 1974 the Torrey family has resided on the Pine Bar Ranch located in the North Fork Canyon of Wyoming. SUF ¶ 3,4. Pine Bar Ranch property lies on both sides of the southern boundary of the Wind River Indian Reservation (Reservation). *Id.* at 5. Surrell Creek Road crosses the Reservation as well as a corner of the Pine Bar Ranch. *Id.* at 6. A paved portion of Surrell Creek road is listed on the Indian Reservation Road Inventory (IRR Inventory) and considered public[2]. However, no recorded easements pertain to an unpaved portion of the road and it is not contained in IRR Inventory. Doc. No. 21, ¶ 9.

The present dispute began when other North Fork Canyon landowners (the Luthers), believing their property was landlocked, petitioned for establishment of a private road. Plaintiffs objected to the petition and argued that the Luthers had access to their property by way of Surrell Creek Road. See *Pine Bar Ranch v*

---

[2]The IRR Inventory is administered under the BIA. "The IRR Inventory is a comprehensive database of all transportation facilities eligible for IRR Program funding...." 25 C.F.R. § 170.442(a).

*Luther*, 152 P.3d 1062, 1064-1065 (Wyo. 2007). The Board of County Commissioners (the Board) concluded that the Surrell Creek Road is a public road and consequently the Luthers failed to establish necessity. *Id*. at 1065. The Luthers appealed that decision to the Wyoming state district court which ultimately reversed the Board, found the road was not public and remanded the matter back to the Board. *Id.* Plaintiffs then appealed to the Wyoming Supreme Court which, on March 2, 2007, affirmed the district court and concluded that, "[t]he Board's finding that the Surrell Creek Road is a public road is not supported by substantial evidence." *Id.* at 1069.

On November 7, 2007, Plaintiffs took a different tack and requested that the Superintendent of the Wind River Reservation, Edward Lone Flight (The Superintendent), declare Surrell Creek Road open to public use. SUF at ¶ 13,14. The Superintendent denied this request on February 11, 2008[3]. *Id.* Plaintiffs then appealed that denial to the Acting Regional Director of the Bureau of Indian Affairs (BIA). *Id.* at 15. On August 8, 2008 the BIA affirmed the Superintendent's denial. *Id.* at 16. On September 5, 2008 Plaintiffs filed an

---

[3] In this letter, the Superintendent acknowledged that the paved portion of Surrell Creek Road is included on the Reservation Road Inventory, maintained by the BIA and considered public. However, the Superintendent states that there are no recorded right of ways for the unpaved portion and, "[t]he Shoshone and Arapaho Tribes have not made any assertion that the road crossing their trust lands is for public use nor have they included it on the Reservation Road Inventory." Doc. No. 16-1.

appeal with the Interior Board of Indian Appeals (IBIA) which was dismissed on August 26, 2010. Finally, on July 16, 2010, Plaintiffs filed their Complaint initiating the present case.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The movant, bears the initial responsibility of informing the Court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable fact-finder to return a verdict for the nonmoving party. *Id.*

## I. Sovereign Immunity

Before reaching the merits of this case, the Court must make a threshold inquiry to determine jurisdiction. It is well established that the United States cannot be sued unless its sovereign immunity has been explicitly and

unequivocally waived through Congressional statute. See *United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). The United States is immune from suit absent a waiver or express consent. *See United States v. Thompson*, 98 U.S. 486, 489, 25 L.Ed. 194 (1878). In the absence of such a waiver, the Court lacks jurisdiction to consider claims against the United States. See *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

## II. Declaratory Judgment Act

Count I of Plaintiffs' Amended Complaint seeks relief under the Declaratory Judgment Act codified at 28 U.S.C. § 2201. The Declaratory Judgment Act, does not provide an express waiver of sovereign immunity. See *Progressive Consumers Fed. Credit Union v. United States*, 79 F.3d 1228, 1230 (1st Cir.1996). Nevertheless, Plaintiffs argue that they defeat the sovereign immunity hurdle because sovereign immunity does not prevent cases filed against government officials in their individual capacity. See *Larson v. Domestic and Foreign Commerce Corp.*, 337 US 682, 686-87 (1949). Plaintiffs named the Acting Regional Director Bureau of Indian Affairs Rocky Mountain Office, Superintendent Edward Lone Fight, as well as the Department of Interior, Interior Board of Indian Appeals in the suit. Plaintiffs reason that since they named

individual directors or officers, whom allegedly deprived them of their federal rights, their claims survive under the *Larson* exception. Plaintiffs' argument is unavailing.

Indeed, while the United States enjoys the protection of sovereign immunity, federal officers are not protected to the same degree. See *Sloan Shipyards Corp. v. U.S. Shipping Bd. Emerg. Fleet Corp.*, 258 U.S. 549, 567 (1922). Sovereign immunity however, does not protect a federal officer when the officer's actions are *ultra vires* of his statutory authority. See *Dugan v. Rank*, 372 U.S. 609, 621-622, (1963). An officer acts *ultra vires* "only when he acts without any authority whatever." *Yakama Indian Nation v. State of Wash. Dept. of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999) (quoting *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 101 n. 11 (1984). "[I]f the [challenged] actions of an officer do not conflict with the terms of his valid statutory authority, then they are the actions of the sovereign" and are protected by sovereign immunity. *Larson* at 337 U.S. 682, 695. Thus, the question becomes whether, despite naming federal officers, Plaintiffs' suit is in reality a suit against the United States.

In accordance with *Larson*, "a mere claim that an official has erred in the exercise of a delegated power is not enough to bring the action out from behind the protective shield of sovereign immunity." *Larson* at 695, 69 S.Ct. 1457.

Even "[w]hen an officer acts erroneously, yet still within the scope of his statutory power, the error is rightly attributed to the sovereign, not the individual, and sovereign immunity bars judicial scrutiny unless there has been an explicit waiver of that immunity." *Muirhead v. Mecham* 427 F.3d 14, 20 (1st Cir. 2005)(citing *Doehla Greeting Cards v. Summerfield*, 227 F.2d 44, 47 (D.C.Cir.1955)). Generally, a suit which names a federal official will be considered a suit against the United States, "if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Dugan* at 620 (citations omitted). As is the case here, "when a plaintiff seeks specific performance, the answer to the inquiry about relief hinges on whether the redress obtained against the officer will, in practical effect, be obtained through the sovereign." *Muirhead* at 427 F.3d 14, 18 (citing *Larson*, 337 U.S. at 688).

In the present case, it is abundantly clear that the relief sought does not relate to any federal officer's *ultra vires* actions. Plaintiffs make the conclusory allegation that, "[t]he Acting Regional Director and the Superintendent of the Wind River Reservation deprived Plaintiffs (and the public) of their federal rights by closing Surrell Creek Road to public access." Doc. No. 25 at 8. Plaintiffs go on to state how the BIA posted a no trespassing sign on Surrell Creek Road and

attached a tribal resolution to its answer which seeks to bar non-Indians from using the road. Plaintiffs fail to provide any compelling authority or argument that the officers were acting without authority. Even assuming a federal official acted erroneously, Plaintiffs set forth no facts which affirmatively demonstrate that the federal officers acted outside the scope of statutory authority. Moreover, any relief sought from a federal official would, in practical effect be obtained through the sovereign. Therefore, no applicable waiver of sovereign immunity exists under the Declaratory Judgment Act, the Court is without jurisdiction and Defendants are entitled to summary judgment on Count I as a matter of law.

**III. Administrative Procedures Act (APA)**

As is the case here, when a plaintiff sues the government for equitable relief, a waiver of sovereign immunity may be found in the APA. 5 U.S.C. § 702. Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute," is expressly authorized to bring "[a]n action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority." 5 U.S.C. § 702. The APA provides authority to the reviewing court to "compel agency action unlawfully withheld or unreasonably

delayed." 5 U.S.C. § 706(1).

Plaintiffs contend that the APA is the proper vehicle to bring their claim because "federal officials acted outside the law by closing Surrell Creek Road to outside use." Doc. No. 25 at 11. Plaintiffs argue that Defendants violated their legally protected right to use the road by prohibiting non-tribal members access. *Id.* at 8.

Defendants counter that Plaintiffs' "failure to act" claim under the APA fails for want of an "agency action." In other words, because the BIA was not required to act, Plaintiffs cannot present a valid claim under the APA. In support, Defendants cite *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004), in which the Supreme Court stated that "[a failure to act claim] under [5 U.S.C.] § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Id.* at 64, 124 S.Ct. 2373. Further, "the required-action limitation rules out judicial direction of even discrete agency action that is not demanded by law." *Id.* at 2375.

The Court agrees with Defendants. Plaintiffs' claim under the APA is predicated upon a "required" agency action or a duty to act one way or the other. The record indicates that federal officials took no direct action in closing Surrell

Creek Road to non-tribal members. The Tribes never included the unpaved portion of Surrell Creek road on the Indian Reservation Road Inventory. The Superintendent declined to find that the unpaved portion of the road is a public road open to public use. Simply put, Plaintiffs provide no compelling statutory or regulatory authority that directly requires the BIA to declare the unpaved portion of Surrell Creek Road open to the public.

Indeed, a contrary result could run afoul of tribal sovereignty. "The power to exercise tribal civil authority over non-Indians derives not only from the tribe's inherent powers necessary to self-government and territorial management, but also from the power to exclude nonmembers from tribal land." *Babbitt Ford, Inc. v. Navajo Indian Tribe,* 710 F.2d 587, 592 (9th Cir.1983) (citing *Merrion v. Jicarilla Apache Tribe,* 455 U.S. 130, 141-44, 102 S.Ct. 894, 903-05, 71 L.Ed.2d 21 (1982). Furthermore, it is well settled that a tribe may "place conditions on entry, on continued presence, or on reservation conduct ..., [and] nonmember[s] who [enter] the jurisdiction of the tribe [remain] "subject to the risk that the tribe will later exercise [this] sovereign power." *Merrion* at 144-45 (footnote omitted).

On January 12, 2011, the Tribes passed Tribal Resolution Number 2010-10277 reaffirming the non-public status of the road and stating that "the unpaved portion of Surrell Creek Road is not a public road or otherwise accessible

to any member of the public without the permission of the Eastern Shoshone and Northern Arapaho Tribes." Doc. No, 20-7.

Especially in view of tribal sovereignty, the BIA had no direct statutory mandate to declare Surrell Creek Road public[4]. Therefore, under the APA, there is no required agency action for this Court to "compel" or "hold unlawful and set aside." Consequently, the Court is without jurisdiction, no material issue of fact remains and Defendants are entitled to summary judgment as a matter of law.

**IV. Quiet Title Act**

Plaintiffs appear to concede the Quiet Title Act (QTA) is inapplicable to this dispute. Generally, the government waives its sovereign immunity in both quiet title and foreclosure actions. See 28 U.S.C. §§ 2410(a)(1). Nevertheless, the Court finds that the Indian Lands exception to the government's waiver of

---

[4]Plaintiffs argue that the Civilian Conservation Core Act (CCC) grants the public the right to use Surrell Creek Road. Plaintiffs base their argument in the following language:

> In order to carry out the purpose of this Act, the Director is authorized to provide for the employment of the Corps and its facilities on works of public interest or utility. Doc. No. 25, p. 13.

Nevertheless, even assuming the CCC authorized the BIA to declare the road public, the permissive language of the CCC certainly does not directly mandate it.

sovereign immunity applies in this case and would bar any QTA claim[5].

## Conclusion

For the foregoing reasons the Court finds that sovereign immunity bars Plaintiffs' claims, no genuine issues of material fact exist and Defendants are entitled to summary judgment as a matter of law. Therefore;

Plaintiffs' Motion for Summary Judgment (Doc. No. 15) is **DENIED** and Defendants' Cross Motion for Summary Judgment (Doc. No. 19) is **GRANTED.** The Clerk of Court is directed to enter judgment in favor of Defendant and notify the parties of the making of this Order.

Dated this 7th day of June, 2011.

> */s/ Richard F. Cebull*_____
> Richard F. Cebull
> United States District Judge

---

[5]The QTA waives the government's sovereign immunity for "a civil action ... to adjudicate a disputed title to real property in which the United States claims an interest," but excepts "trust or restricted Indian lands." 28 U.S.C. § 2409a.